JUSTICE NELSON,
specially concurring.
¶54 I join the Court’s Opinion on Issues One and Three. With respect to Issue Two, I concur in the Court’s decision but write separately to explain my views on that issue.
¶55 The Court holds that all four criteria of the Modified Just Rule must be satisfied in order to admit evidence of other crimes, wrongs, or acts. Opinion, ¶ 43. This is a correct statement of the law as it presently stands. See State v. Ayers, 2003 MT 114, ¶ 76, 315 Mont. 395, *290 68 P.3d 768. However, I have recently concluded that the Modified Just Rule does not accurately reflect or implement the narrow purpose of M. R. Evid. 404(b), but rather impedes the legitimate use of uncharged misconduct evidence and, moreover, has generated a great deal of confusion and misconceptions in this area of law. See State v. Stout, 2010 MT 137, ¶¶ 75, 79, 93-102, 356 Mont. 468,_P.3d_ (Nelson, J., dissenting). Among other things, I proposed in Stout that we should jettison the first two substantive requirements of the Modified Just Rule (similarity and nearness in time), see Stout, ¶ 102, since these two criteria do not apply to every nonpropensity purpose for which uncharged misconduct evidence might be offered, see e.g. Stout, ¶ 99 (noting that a dissimilar crime (e.g., a carjacking) might be admissible to show the defendant’s overall plan to use the car in the charged offense (e.g., a kidnapping), which in turn shows that he is the perpetrator of that offense and had the requisite mens rea). I still maintain that, in the proper case, we should revise the Modified Just Rule so that it conforms to the actual purpose and scope of Rule 404(b). ¶56 For the reasons stated in ¶ 44 of the Court’s Opinion, however, it is not necessary to reexamine the Modified Just Rule in the present case. Accordingly, with the foregoing caveat, I concur in the Court’s decision on Issue Two.